In the Matter of EDWARD J. WHITE, an Attorney, Respondent.

First Department, May 16, 1924.

**Attorney and client — disciplinary proceedings — attorney disbarred for converting client's money.**

The respondent is disbarred on the ground that while acting as attorney for the trustees of an estate he collected rents of certain premises belonging to the estate and converted the same to his own use and has never repaid the money, although a judgment has been recovered against him and body execution issued.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

Respondent in person.

CLARKE, P. J.:

Respondent was admitted to practice as an attorney and counselor at law at the October, 1907, term of the Appellate Division, Second Department. The charge of misconduct as an attorney at law is as follows: Between November 1, 1915, and December 31, 1920, the respondent acted as attorney for the trustees of the estate of Gulian Ludlow Dashwood, deceased, and while acting as such attorney collected the rents of certain premises belonging to the estate. During this period the respondent converted to his own use the sum of $1,170 of the moneys so collected. In December, 1921, the trustees of the Dashwood estate began an action in the City Court against the respondent to recover the moneys so converted. The respondent appeared in said action and filed an answer, but when the case was reached for trial he defaulted and judgment was accordingly entered in favor of the plaintiff. In June, 1922, a body execution was issued in the action brought by the said trustees and the respondent was arrested but gave an undertaking for liberty on the jail limits, and no part of the judgment has been paid. The respondent has no claim or lien on the moneys converted except a reasonable fee for acting as the trustees' agent in the collection thereof.

The learned official referee to whom the matter was referred has

reported that in his opinion the charges contained in the petition have been proven. An examination of the record sustains the report of the referee and it is approved. The deliberate conversion of moneys belonging to a client coming into a lawyer's hands is obviously professional misconduct of the gravest character. The circumstances disclosed by this record require us to hold that the respondent has demonstrated his unfitness to remain a member of the honorable profession of the law. He should, therefore, be disbarred.

MERRELL, FINCH, MCAVOY and MARTIN, JJ., concur.

Respondent disbarred. Settle order on notice.